An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEN ROY GREEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62486

**FILED**

JUN 1 3 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving under the influence (DUI) with one or more prior felony DUI convictions. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

First, appellant Len Roy Green contends that the district court erred by denying his pretrial motion to suppress his statements to law enforcement because they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). We review de novo a district court's determination as to whether a statement was obtained in violation of *Miranda*. *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005). Because law enforcement questioned Green in public subsequent to a car accident, we conclude that Green was not in custody and the district court did not err by denying his motion on this ground. *See Berkemer v. McCarty*, 468 U.S. 420, 436-40 (1984) (holding that although one is not

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17480

free to leave once detained pursuant to a traffic stop, he is not in custody for *Miranda* purposes unless the encounter escalates into a formal arrest).

Second, Green contends that the district court erred by denying his pretrial motion to suppress his statements to law enforcement because they were elicited subsequent to an unconstitutional search. We review de novo the district court's legal determination of the constitutionality of a search but review its findings of fact for clear error. *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008). Because a reasonable officer would have checked on Green's welfare upon learning that he was involved in a traffic accident and discovering him unresponsive, we conclude that the district court did not err by denying Green's motion on this ground. *See State v. Rincon*, 122 Nev. 1170, 1175-76, 147 P.3d 233, 237 (2006) (adopting the community caretaking doctrine); *People v. Ray*, 476-77, 981 P.2d 928, 937 (Cal. 1999) (the community caretaking doctrine applies where an objectively reasonable officer would have perceived a need to protect a member of the community).

Third, Green contends that the district court abused its discretion by allowing witnesses to testify regarding statements that Green's girlfriend made at the scene of the accident. We review a district court's determination as to whether a statement falls within a hearsay exception for an abuse of discretion. *Rodriguez v. State*, 128 Nev. ___, ___, 273 P.3d 845, 848 (2012). The district court admitted the statements as

excited utterances because they were made shortly after perceiving an exciting event while the declarant was under the stress of the event. *See* NRS 51.095; *Rowland v. State*, 118 Nev. 31, 42-43, 39 P.3d 114, 121 (2002). We conclude that the district court did not abuse its discretion by admitting the statements.

Having considered Green's claims and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Alvin R. Kacin, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk